IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AARON STEVEN KEY                    )
                                    )
     v.                             )    NO. 3:20-00565
                                    )
METRO NASHVILLE POLICE              )
DEPARTMENT; NASHVILLE FBI;          )
NASHVILLE TBI; and CARTHAGE         )
TN POLICE DEPARTMENT                )

**TO:  Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered October 1, 2020 (Docket Entry No. 9), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the separately filed motions to dismiss of Defendant the City of Carthage, Tennessee (Docket Entry No. 18) and Defendant Metro Nashville Police Department (Docket Entry No. 20). Plaintiff has filed a joint response in opposition to the motions. *See* Docket Entry No. 22. For the reasons set out below, the undersigned respectfully recommends that the motions be granted and, further, that the action be dismissed as to all Defendants.

### I. BACKGROUND

Aaron Steven Key ("Plaintiff") is a resident of Carthage, Tennessee. On June 30, 2020, he filed a *pro se* complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics*

*Agents*, 403 U.S. 388 (1971), seeking monetary damages and naming several entities as defendants: (1) "the Metro Nashville TN Police Department" ("MNPD"); (2) "the Nashville, TN F.B.I.;" (3) the Tennessee Bureau of Investigation ("TBI"); (4) "the Carthage, TN Police Department;" and, (5) "Smith County Jail and Sheriff's Office." *See* Complaint (Docket Entry No. 1) at 1-3.[1] Plaintiff paid the filing fee and returned completed summons for MNPD, the Carthage, TN Police Department, "the Nashville, TN F.B.I.," and the "Nashville, T.B.I." *See* Docket Entry No. 12. Plaintiff did not return a completed summons for the "Smith County Jail and Sheriff's Office." The docket does not indicate that "the Nashville, TN F.B.I." or the "Nashville, T.B.I." have been served with process in the action.[2]

Plaintiff's complaint does not include distinctly set out factual allegations or clearly identified claims, but he asserts that he is suing Defendants because of "corruption and threatening me," based upon events that he alleges began in 2013 and have continued until the present. *See* Complaint at 3 and 4. He alleges that "police investigated me very unjustly never detained me, or interrogated me, very incompetent, sloppy investigation. Now just try and terrorize me, even trying to set me up. F.B.I. assisting them" and that "it began in Nashville with police investigating me, because they were suspicious that I was a sex offender." *Id*. at 4.

In a two-page narrative paragraph, Plaintiff recounts multiple events that he alleges have occurred in what he believes to be a conspiracy directed by the TBI to harass him, which he maintains the F.B.I. has refused to investigate. *Id*. at 5-6. The events are alleged to have

---

[1] The named Defendants are set out in the complaint's caption and/or in the listing of defendants.

[2] By Order entered October 19, 2020 (Docket Entry No. 13), the Court granted Plaintiff an extension of time to December 30, 2020, to serve Defendants with process.

occurred in both Nashville and Carthage and some of the events, it appears, are related to state court proceedings that led to the removal of Plaintiff's daughter from the legal custody of he and his wife. *Id*. Some of the events about which Plaintiff complains include police officers pretending to arrest people in front of him and activating the sirens and lights of their cars near him, other cars and taxis honking their horns at him and speeding by him while he is walking on the street, unknown people making statements to him and sending texts to him that he feels are suspicious, the police "putting up criminals that have been to jail to pose as informants to try and entrap [him]," having his apartment "bugged," and being antagonized by a large man who the police would not arrest when Plaintiff attempted to swear out a warrant against the man. *Id*. Subsequent to filing his complaint, Plaintiff has filed several, multi-page letters that consist of single paragraph, narrative statements that recount other events and that are similar to the statement that is included in the complaint. *See* Letters and Notices (Docket Entry Nos. 8, 14, 15, and 27).

In response to the complaint, the City of Carthage, Tennessee ("Carthage") filed an answer (Docket Entry No. 17) and a motion to dismiss (Docket Entry No. 18). As the basis for its motion, Carthage contends that the complaint contains no allegations that support a viable legal claim against it and/or the Carthage Police Department. *See* Memorandum in Support (Docket Entry No. 19) at 5. Carthage argues that the complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), as against it and the Carthage Police Department for failure to state a claim upon which relief can be granted because the allegations in the complaint both fail to identify a violation of his constitutional rights by any Carthage agent or employee

3

and fail to demonstrate any basis for municipal liability, both of which are necessary to sufficiently state a claim for relief under 42 U.S.C. ϲ 1983. *Id*. at 7.

In lieu of an answer, Defendant MNPD filed a motion to dismiss (Docket Entry No. 20). As the basis for its motion, MNPD argues that (1) under the charter for the Metropolitan Government of Nashville and Davidson County ("Metro"), the MNPD is not a legal entity that is capable of being sued and (2) Plaintiff's allegations are so implausible and frivolous that they warrant dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* Memorandum in Support (Docket Entry No. 21) at 5-8.

Plaintiff has responded in opposition to both motions to dismiss. With respect to Defendant Carthage's motion, Plaintiff asserts that there are three "police stations" in Carthage and that he only sued the Carthage Police Department in this lawsuit because he was fearful of retaliation, but he intends to add the Smith County Sheriff's Office and South Carthage Police Department to his complaint. *See* "Appeal for Motions to Dismiss" (Docket Entry No. 22) at 3. He also makes new factual allegations about incidents involving individual police officers, including an officer from the Carthage Police Department, during which Plaintiff and his wife were purportedly assaulted, *id*. at 1-2, and alleges that Carthage Police Department Chief Britt Davis failed to include in a police report statements from witnesses about an incident when another person tried to run over Plaintiff with a truck. *Id*. at 2. Plaintiff asserts that, if requested, he can provide "every circumstance" and the evidence he has from the last six years of living in Carthage.

With respect to the motion to dismiss filed by Defendant MNPD, Plaintiff contends that his Fifth and Eighth Amendment rights have been violated and that he has "found nothing" that

4

indicates that MNPD cannot be sued, but he intends to file suit against Metro if permitted by the Court. *See* "Letter" (Docket Entry No. 25) at 2-3. Plaintiff also makes allegations in his response pertaining to the T.B.I. and F.B.I. *Id*. at 1-2.[3]

Also before the Court are replies from Defendants Carthage (Docket Entry No. 24) and MNPD (Docket Entry No. 26). In their respective replies, Defendants assert that Plaintiff fails to set forth any actual arguments in opposition to the grounds for dismissal they raise in their motions. *Id*. They further contend that Plaintiff has made factual allegations in his responses that are not set out in his complaint and that these factual allegations cannot be properly considered as a basis supporting claims for relief. *Id*.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is

---

[3] The Court notes that, subsequent to the instant lawsuit, Plaintiff filed another civil rights lawsuit on December 10, 2020, against the Smith County Sheriff, South Carthage Police Department, Metropolitan Government of Nashville and Davidson County, and Smith County Department of Children Services. *Key v. Smith County Sheriff, et al*, 3:20-01059. The second lawsuit, which was based upon essentially the same allegations as those made in the instant lawsuit, was recently dismissed after Plaintiff failed to comply with the Court's directive to either pay the required filing fee or submit an application to proceed *in forma pauperis*. *See* Order entered February 1, 2021 (Docket Entry No. 5) in *Key v. Smith County Sheriff, et al.*.

5

also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

Defendants raise sound legal arguments for dismissal that have not been countered by Plaintiff despite what he has set out in his responses in opposition. Defendants' arguments require that their motions to dismiss be granted and that they be dismissed from this lawsuit. Furthermore, Plaintiff's lawsuit suffers from other shortcomings and infirmities that require dismissal of the lawsuit in its entirety.

6

A. Motions to Dismiss

With respect to the motion of Defendant MNPD, the MNPD is simply not a legal entity that can be sued under Section 1983. A municipal agency or department, such as a sheriff's or police department, is generally not an entity that can be sued as a defendant under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity that can be sued under § 1983); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006). Further, this Court has previously considered this issue numerous times, and unequivocally determined that, under the charter establishing the Metropolitan Government of Nashville and Davidson County, the MNPD is merely a department of Metro and is not capable of being directly sued. *Gant v. Metro. Police Dep't*, 2010 WL 3341882 at *3-4 (M.D. Tenn. Aug. 24, 2010) (Trauger, J.). *See also Hill v. Rickman*, 2019 WL 3288476 at *2 (M.D. Tenn. July 22, 2019) (Crenshaw, C.J.) (Metro charter does not authorize suit against the Davidson County Sheriff's Department) ; *Lunsford v. Davidson Cty. Sheriff Office*, 2019 WL 333553 at *2 (M.D. Tenn. Jan. 25, 2019) (Richardson, J.) (same); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889 *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (same). Accordingly, Defendant MNPD must be dismissed from this lawsuit.[4]

Even though Plaintiff has not amended his complaint to name another entity in place of MNPD, he has nonetheless expressed his desire to add Metro as a defendant if permitted by the Court. Given Plaintiff's *pro se* status, the Court could either liberally construe Plaintiff's complaint as implicitly naming Metro as a defendant or construe his response to the motion to

---

[4] Because Defendant MNPD is clearly not a legal entity capable of being sued, it is not necessary for the Court to address MNPD's alternative argument that subject matter jurisdiction does not exist because Plaintiff's allegations are too insubstantial and frivolous.

7

dismiss as both a response and a motion to amend. However, neither of those outcomes would save this lawsuit from dismissal as against Metro.

Metro cannot be deemed liable under Section 1983 based upon a theory of *respondeat superior* based on the fact that it is the ultimate employer of MNPD police officers, *see Thomas v. City of Chattanooga,* 398 F.3d 426, 432-33 (6th Cir. 2005), and it is not enough for Plaintiff to merely allege that MNPD police officers engaged in improper and potentially unlawful conduct. To state a plausible claim against Metro, Plaintiff must allege facts showing that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by Metro. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689-90 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996). Plaintiff makes no such allegations, nor can such allegations be reasonably inferred from the complaint. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1990). As a result, even if the Court liberally construed Plaintiff's filings as sufficient to include Metro as a defendant in this lawsuit, Plaintiff's complaint would not state a claim upon which relief can be granted against Metro, and dismissal as to Metro would be warranted. *Gant*, *supra*.

The Court also notes that, from the face of Plaintiff's own allegations, any potential claim against Metro appears to be based upon events occurring several years ago. Accordingly, any claim brought against Metro would likely be barred by the one-year statute of limitations applicable to Section 1983 claims and would be subject to dismissal as untimely. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

8

Plaintiff's claim against Defendant Carthage suffers from essentially the same shortcomings, and the motion to dismiss of Defendant Carthage should be granted. There are simply no facts alleged in the complaint that support a viable legal claim against Carthage under Section 1983. Indeed, other than being included in the listing of defendants, there are no factual allegations made against Carthage in the body of the complaint. In much the same manner as his claim against Metro, Plaintiff fails to set forth factual allegations showing that any alleged unconstitutional conduct was the result of a policy statement, ordinance, regulation or decision officially adopted and promulgated by Carthage. Accordingly, Plaintiff fails to state a viable claim for relief against Carthage. *See City of Canton, Ohio*, *supra*; *Monell*, *supra*; *Doe*, *supra*.[5]

In his response and letters to the Court, Plaintiff makes new allegations of conduct that are not alleged in the complaint. However, a plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853 at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, the additional allegations made by Plaintiff in his response and letters cannot form the basis for a claim against Carthage because the allegations are not actually part of the complaint. *Laporte v. City of Nashville*, 2019 WL 845413 at *3 (M.D. Tenn. Feb. 21, 2019) (Richardson, J.) ("the Court's analysis below considers

---

[5] Although the Carthage, TN Police Department is the party actually named in Plaintiff's complaint and the party to whom a summons was issued, Carthage has appeared in the action in place of the Carthage, TN Police Department, asserting that the police department is not a legal entity capable of being sued. *See* Memorandum (Docket Entry No. 19) at 5.

whether the allegations in the complaint, and not the allegations in Plaintiffs' response, plausibly give rise to an entitlement to relief."). Further, even if properly asserted, the new allegations themselves would not suffice to support a claim of municipal liability against Carthage.

B. Remaining Defendants

In addition to Defendants MNPD and Carthage, Plaintiff names three other Defendants in his complaint – "the Nashville, TN F.B.I.," the TBI, and the "Smith County Jail and Sheriff's Office." Although summons were issued for the first two of these Defendants, *see* Docket Entry No. 12, neither of these Defendants has appeared in the case and the docket does not reflect that either Defendant has been served with process in the case. Because Plaintiff failed to have a summons issued for "Smith County Jail and Sheriff's Office," this Defendant has likewise not been served with process.

In a letter to the Court, received on January 28, 2021 (Docket Entry No. 29), Plaintiff asks that the Court "rule" on the fact that the TBI has not responded to the complaint within 60 days. However, Plaintiff fails to provide proof of service of process upon the TBI. Accordingly, the time for Defendant to respond to the complaint does not appear to have been triggered

Rule 4(m) of the Federal Rules of Civil Procedure requires that defendants be served with process within 90 days of the date the action is filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because these three Defendants have not been served with process within the time period set out in Rule 4(m), they should be dismissed from the action.

10

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motions to dismiss of the City of Carthage, Tennessee (Docket Entry No. 18) and the Metro Nashville Police Department (Docket Entry No. 20) be GRANTED;

2) Defendants "the Nashville, TN F.B.I.," the Tennessee Bureau of Investigation, and "Smith County Jail and Sheriff's Office" be DISMISSED under Rule 4(m) of the Federal Rules of Civil Procedure because of lack of service of process; and,

3) this action be DISMISSED in its entirety as to all claims and defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge